IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

UNIVERSAL PROPERTY & CASUALTY
INSURANCE COMPANY,

      Plaintiff,

  v.

JOEY LYNN MCMILLAN, SHEILA
MCMILLAN, JESSICA THOMPSON and
PROGRESSIVE MOUNTAIN INSURANCE
COMPANY,

      Defendants.

Civil Action File
No.

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW UNIVERSAL PROPERTY & CASUALTY INSURANCE COMPANY, Plaintiff in the above-styled action, and files this Complaint for Declaratory Judgment, showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff Universal Property and Casualty Company (hereinafter "Universal"), is incorporated under the laws of the State of Florida with its principal place of business in Fort Lauderdale, Florida. Universal submits itself to the jurisdiction of this court for the purposes of this action.

2.

Defendant Joey Lynn McMillan is a citizen of the State of Georgia.  He can be personally served with process at his last known address, 2555 Dothan Road, Bainbridge, Georgia 39817. This defendant is subject to the jurisdiction of this court.

3.

Defendant Sheila McMillan is a citizen of the State of Georgia.  She can be personally served with process at her last known address, 2555 Dothan Road, Bainbridge, Georgia 39817. This defendant is subject to the jurisdiction of this court.

4.

Defendant Jessica Thompson is a citizen of the State of Georgia.  She can be personally served with process at her last known address, 519 River Oaks, Drive, Bainbridge, Georgia 39817. This defendant is subject to the jurisdiction of this court.

5.

Defendant Progressive Mountain Insurance Company (hereinafter "Progressive") is an Ohio corporation with its principal place of business in Mayfield Village, Ohio. Progressive may be served by service upon its registered agent, CT Corporation System, 289 S. Culver Street, Lawrenceville, Gwinnett County, Georgia 30046.

6.

This matter arises from a motor vehicle accident that
occurred on December 1, 2021 in Decatur County, Georgia.

7.

This action is brought pursuant to 28 U.S.C.A. § 2201, and
Rule 57, Federal Rules of Civil Procedure, for the purpose of
determining a question of actual controversy between Universal
and the defendants concerning Universal's respective rights and
liabilities owed to defendants for coverage and indemnification
for certain damages sought under policies of insurance.

8.

This Court has jurisdiction over this action pursuant to 28
U.S.C.A. § 1332 because as a citizen of Florida, Plaintiff is a
citizen of a different state than all Defendants, and the amount
in controversy, exclusive of interest and costs, exceeds
$75,000.00.

9.

Venue is laid in this District pursuant to 28 U.S.C.A. §
1391 by virtue of the fact that a substantial part of the events
giving rise to the claim occurred within this judicial district.

10.

The defendants are subject to the jurisdiction and venue of
this Court.

## PRELIMINARY ALLEGATIONS

### The accident of December 1, 2021

11.

On or about December 1, 2021, a 2017 Peterbilt truck driven by defendant Joey Lynn McMillan was involved in a motor vehicle accident with a 2019 Ford Explorer driven by defendant Jessica Thompson at the intersection of Belcher Lane and Whigham Dairy Road, both public roads in Decatur County, Georgia.

12.

The 2017 Peterbilt truck driven by defendant Joey Lynn McMillan was owned by defendant Sheila McMillan.

13.

The 2017 Peterbilt truck driven by defendant Joey Lynn McMillan was insured by Progressive Mountain Insurance Company.

14.

Pursuant to Georgia law, O.C.G.A. §40-2-20, the 2017 Peterbilt truck driven by defendant Joey Lynn McMillan was a motor vehicle required to be registered with the state of Georgia.

15.

According to the investigation conducted by the Georgia State Patrol, on December 1, 2021, the 2017 Peterbilt truck driven by defendant Joey Lynn McMillan was registered with the

Georgia Department of Revenue, bearing Georgia tag no. C0492457
C.

16.

Upon information and belief, the registration for the 2017
Peterbilt truck driven by defendant Joey Lynn McMillan may have
been suspended by the state of Georgia as of December 1, 2021.

17.

According to the investigation conducted by the Georgia
State Patrol, on December 1, 2021, at the time of the motor
vehicle accident described in ¶11, above, defendant Joey Lynn
McMillan was allegedly driving under the influence of drugs, and
drug paraphernalia, including marijuana residue, was found in
the 2017 Peterbilt truck.

**The underlying lawsuit filed by Jessica Thompson**

18.

Jessica Thompson has filed a lawsuit against Joey Lynn
McMillan, Sheila McMillan and Progressive Mountain Insurance
Company in the State Court of Decatur County, Georgia, civil
action file number 22SV00035 (hereinafter the "underlying
lawsuit").

19.

In the underlying lawsuit, Jessica Thompson alleges that as
a result of the December 1, 2021 motor vehicle accident, she
sustained personal injuries.

20.

In the underlying lawsuit, Jessica Thompson alleges that
her injuries were caused by the negligence of Joey Lynn
McMillan.

21.

In the underlying lawsuit, Jessica Thompson alleges that at
the time of the December 1, 2021 motor vehicle accident, Joey
Lynn McMillan was driving the 2017 Peterbilt truck under the
influence of drugs.

22.

In the underlying lawsuit, Jessica Thompson alleges that at
the time of the December 1, 2021 motor vehicle accident, Sheila
McMillan negligently entrusted the 2017 Peterbilt truck to Joey
Lynn McMillan.

23.

In the underlying lawsuit, Jessica Thompson alleges that at
the time of the December 1, 2021 motor vehicle accident, Sheila
McMillan was doing business as a motor carrier under the name
JS&A Trucking, and that as such she is directly and strictly
liable for the negligent operation of the 2017 Peterbilt truck
by Joey Lynn McMillan.

24.

In the underlying lawsuit, Jessica Thompson alleges that at
the time of the December 1, 2021 motor vehicle accident,

Progressive Mountain Insurance Company was the insurer of the
2017 Peterbilt truck being driven by Joey Lynn McMillan and that
as such, it is liable for the negligent operation of that truck
pursuant to Georgia law, O.C.G.A. §40-2-140.

### Jessica Thompson's demand to Universal

25.

On March 23, 2023 Jessica Thompson made a demand to
Universal for payment of its policy limits on two homeowner's
policies issued by Universal to Sheila McMillan.

26.

It is Jessica Thompson's contention that the two
homeowner's policies issued by Universal to Sheila McMillan
provide coverage and indemnification for Sheila McMillan and
Joey Lynn McMillan against the claims made by Jessica Thompson
in the underlying lawsuit arising out of the motor vehicle
accident of December 1, 2021.

27.

The March 23, 2023 demand by Jessica Thompson to Universal
was Universal's first notice of the motor vehicle accident of
December 1, 2021.

28.

On April 21, 2023, Universal sent a reservation of rights
letter to its insured, Sheila McMillan.

29.

On April 21, 2023, Universal sent a letter to counsel for Jessica Thompson, acknowledging receipt of the March 23, 2023 demand and advising that it was investigating the facts and circumstances of the December 1, 2021 motor vehicle accident pursuant to a reservation of rights.

**The Policies issued by Universal**

30.

Universal issued a Homeowners Policy, policy no. 1701-1700-0464 to Sheila McMillan (identified in said policy as Shelia McMillan), insuring property located at 2555 Dothan Road, Bainbridge, Georgia, which policy was in full force and effect on December 1, 2021. A copy of this policy is attached as Exhibit A.

31.

Universal issued a Homeowners Policy, policy no. 1701-1700-6310 to Sheila McMillan (identified in said policy as Shelia McMillan), insuring property located at 186 Sasser Store Road, Bainbridge, Georgia, which policy was in full force and effect on December 1, 2021. A copy of this policy is attached as Exhibit B.

32.

Each policy defines "insured" in pertinent part as:

**5.** "Insured" means:

    **a.**  You and residents of your household who are:
    **(1)** Your relatives.

(Policy, Definitions, p. 1 of 22)

33.

Based upon this policy definition, Sheila McMillan and Joey Lynn McMillan are insureds pursuant to each policy.

34.

Each policy provides certain liability coverages, one of which is stated in pertinent part as:

**SECTION II – LIABILITY COVERAGES**

**A.**   **Coverage E – Personal Liability**

If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:

**1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and

**2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

  (Policy, p. 16 of 22).

- 9 -

35.

Each policy contains certain exclusions to Section II –
Liability Coverages, one of which is stated in pertinent part
as:

**SECTION II - EXCLUSIONS**

**A. "Motor Vehicle Liability"**

    1. Coverages **E** and **F** do not apply to any "motor
vehicle liability" if, at the time and place of an
"occurrence", the involved "motor vehicle":

        **a.** Is registered for use on public roads or
property;

        **b.** Is not registered for use on public roads or
property, but such registration is required by
a law, or regulation issued by a government
agency, for it to be used at the place of the
"occurrence".

(Policy, p. 16 of 22).

36.

Each policy contains certain exclusions to Section II –
Liability Coverages, one of which is stated in pertinent part
as:

**SECTION II – EXCLUSIONS**

**E. Coverage E - Personal Liability And Coverage
F - Medical Payments To Others**

Coverages **E** and **F** do not apply to the following:

**8.    Controlled Substance**

"Bodily injury" or "property damage" arising out
of the use, sale, manufacture, delivery, transfer
or possession by any person of a Controlled
Substance as defined by the Federal Food and
Drug Law at 21 U.S.C.A. Sections 811 and
812. Controlled Substances include but are not
limited to cocaine, LSD, marijuana and all narcotic

drugs. However, this exclusion does not
apply to the legitimate use of prescription drugs
by a person following the orders of a licensed
physician.

(Policy, at p. 17-18 of 22).

## COUNT ONE – MOTOR VEHICLE LIABILITY EXCLUSION

37.

Universal incorporates by reference paragraphs 1 – 28 of
this Complaint for Declaratory Judgment as if stated in full
herein.

38.

There is no coverage pursuant to Universal policy number
1701-1700-0464 nor pursuant to Universal policy number 1701-
1700-6310 for the claims of Jessica Thompson against either
Sheila McMillan or Joey Lynn McMillan, nor for any claims made
by Jessica Thompson in the underlying lawsuit, based upon the
Motor Vehicle Liability exclusion as stated in ¶26 of this
Complaint for Declaratory Judgment (hereinafter the "Motor
Vehicle Liability exclusion").

39.

To the extent that the 2017 Peterbilt truck was registered
with the state of Georgia on December 1, 2021, there is no
coverage for the claims of Jessica Thompson against Sheila
McMillan and/or Joey Lynn McMillan because the Motor Vehicle
Liability exclusion expressly states that personal liability

coverage does not apply when at the time and place of the occurrence, the involved motor vehicle is registered for use on public roads. *See* Exhibit A and Exhibit B, each at Section II – Exclusion A.1.a., at page 16 of 22.

40.

To the extent that the 2017 Peterbilt truck was not registered with the state of Georgia on December 1, 2021, there is no coverage for the claims of Jessica Thompson against Sheila McMillan and/or Joey Lynn McMillan because the Motor Vehicle Liability exclusion expressly states that personal liability coverage does not apply when at the time and place of the occurrence, registration of the involved motor vehicle is required by a law, or regulation issued by a government agency, for it be used at the place of the occurrence. *See* Exhibit A and Exhibit B, each at Section II – Exclusion A.1.b., at page 16 of 22.

41.

Universal thus contends that there is no coverage under either policy number 1701-1700-0464 (Exhibit A) nor policy number 171-1700-6310 (Exhibit B) for the claims made by Jessica Thompson in the underlying lawsuit.

42.

Based on these facts, an actual controversy exists between the parties regarding whether liability coverage is afforded

pursuant to the Policy. As a result of this controversy, Universal is in a position of uncertainty regarding the rights of the parties.

## COUNT TWO – CONTROLLED SUBSTANCE EXCLUSION

43.

Universal incorporates by reference paragraphs 1 – 33 of this Complaint for Declaratory Judgment as if stated in full herein.

44.

There is no coverage pursuant to Universal policy number 1701-1700-0464 nor pursuant to Universal policy number 1701-1700-6310 for the claims of Jessica Thompson against either Sheila McMillan or Joey Lynn McMillan, nor for any claims made by Jessica Thompson in the underlying lawsuit, based upon the Controlled Substances exclusion as stated in ¶27 of this Complaint for Declaratory Judgment (hereinafter the "Controlled Substances exclusion").

45.

The Controlled Substances exclusion expressly states in pertinent part that coverage is excluded when bodily injury arises out of the use or possession of controlled substances which include but is not limited to marijuana. *See* Exhibit A and

Exhibit B, each at Section II – Exclusion E.8., at page 18 of
22.

46.

Universal thus contends that there is no coverage under
either policy number 1701-1700-0464 (Exhibit A) nor policy
number 171-1700-6310 (Exhibit B) for the claims made by Jessica
Thompson in the underlying lawsuit.

47.

Based on these facts, an actual controversy exists between
the parties regarding whether liability coverage is afforded
pursuant to the Policy. As a result of this controversy,
Universal is in a position of uncertainty regarding the rights
of the parties.

**RELIEF REQUESTED**

48.

Pursuant to 28 U.S.C.A. §2201, Universal seeks a judicial
declaration of the parties' respective rights and duties under
the Policy.

49.

Universal reserves all contractual/policy legal and
equitable defenses that may exist relating to any and all claims
that may be made against it, and further reserves its right to
seek a determination that no coverage exists for the claims

asserted by Jessica Thompson in the underlying lawsuit on any applicable grounds.

WHEREFORE, Universal respectfully requests and prays for the following:

(1) That process issue and that defendants be served with this Complaint for Declaratory Judgment as provided by law;

(2) That this Court issue an Order staying the underlying lawsuit filed by Jessica Thompson arising out of the incident described in this Complaint, pursuant to 28 U.S.C.A. §2202;

(3) That this Court issue an Order that Universal be discharged from any and all duties and obligations to provide liability coverage and indemnification for any claims asserted by Jessica Thompson in the underlying lawsuit; and

(4) For such other and further relief to which Universal may be entitled.

Respectfully submitted this 7th day of June, 2023.

DREW ECKL & FARNHAM, LLP

*/s/ Jeffrey F. Leasendale*

BRIAN W. JOHNSON
Georgia Bar No. 394745
JEFFREY F. LEASENDALE
Georgia Bar No. 442425

303 Peachtree Street NE
Suite 3500
Atlanta, Georgia 30308
(404) 885-1400 – phone
(404) 876-0992 – fax
JohnsonB@deflaw.com
LeasendaleJ@deflaw.com

13507141v1
06501-257155